UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD S. RASHID,<br><br>                     Petitioner,<br><br>          v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>                     Respondent. | CASE NO. 1:15-CV-1312-DAD-SMS (HC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION FOR LACK OF JURISDICTION |

Petitioner is proceeding *in pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the trial court's designation of him as a "career offender" under the Armed Career Criminal Act ("ACCA" 18 U.S.C. § 924), which subjected him to a 262-month sentence rather than the 70-87 months he would have received absent this designation. Petitioner argues that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551, 192 L. Ed. 2d 569 (2015), which ruled that ACCA's "residual clause" was void for vagueness, rendered his sentence unconstitutional for a violation of due process.

**I.     SCREENING STANDARD**

The Court is required to screen pleadings filed by prisoners, and to dismiss them to the extent they fail to state a claim. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

## II.     SUMMARY OF ARGUMENT

Petitioner alleges in his petition that he was convicted of 18 U.S.C. § 1951 (Interference with commerce by threats or violence). He was also subject to an additional penalty under 18 U.S.C. § 924, governing use or carrying of a firearm during and in relation to, or in furtherance of, any crime of violence or drug trafficking crime. Petitioner was designated as a career offender based on three prior burglary convictions in Missouri, which were designated as crimes of violence under ACCA's residual clause. His federal conviction was also designated a crime of violence under the residual clause. Petitioner argues that he would have been sentenced under the U.S. Sentencing Guidelines to 70-87 months imprisonment without being classified and sentenced as a career offender. However, he was classified as a career offender and sentenced to 262 months.

In June 2015, the Supreme Court ruled that ACCA's residual clause was unconstitutionally vague in violation of due process. *Johnson v. United States*, 135 S.Ct. 2551, 2555-56, 192 L. Ed. 2d 569 (2015). Petitioner argues that, based on this ruling, the instant offense and his prior burglary convictions were not crimes of violence. Petitioner argues that *Johnson* is retroactive.

## III.     DISCUSSION

<u>28 U.S.C. § 2255 and 28 U.S.C. § 2241</u>

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. *Id*. at 1163. However, under the savings clause of § 2255, or the "escape hatch," a federal prisoner seeking to challenge the legality of confinement may file a § 2241 habeas petition "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012)(*quoting Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006)). The Ninth Circuit has recognized that this is a very narrow exception. *E.g. Ivy v. Pontesso*, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence and that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); *Holland v. Pontesso*, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of

1 limitations); *Aronson v. May*, 85 S.Ct. 3, 5, 13 L. Ed. 2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.).

"[A] prisoner may file a § 2241 petition under the escape hatch when the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero*, 682 F.3d at 1192 (internal quotation marks omitted). A claim of actual innocence for purposes of the escape hatch means factual innocence, not mere legal insufficiency. *Id*.at 1193 (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998)). "[T]he purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." *Id*. Thus, *Marrerro* reiterates the requirement of a claim of factual innocence in order to proceed under section 2255's escape hatch, including when the petitioner challenges a sentencing defect.

Actual Innocence

Here, Petitioner's allegations are a direct challenge to the sentence imposed, not to the administration of that sentence. Thus, the proper vehicle for challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, unless Petitioner is entitled to proceed under § 2255's savings clause. However, Petitioner has not satisfied the actual innocence requirement.

Petitioner has not set forth specific facts not previously presented that make a convincing case that Petitioner did not commit the offenses. He does not argue that he did not commit the crimes for which he was convicted. His argument is purely legal –that he was wrongly classified as a career offender- and has nothing to do with factual innocence. Thus, he has not asserted a cognizable claim of actual innocence, and has not satisfied the savings clause. He is not permitted to proceed under § 2241.

Jurisdiction

If Petitioner wishes to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. This Court does not have jurisdiction to hear the petition. Therefore, the petition should be dismissed.

**IV. APPEALABILITY**

For the reasons set forth above, Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Hence, the Court should decline to issue a certificate of appealability.

**V. RECOMMENDATION**

For the foregoing reasons, it is hereby RECOMMENDED that the petition be DISMISSED for lack of jurisdiction and that the Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court, serving a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 9, 2016**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE